**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In Re:

Tre Amici Leasing, LLC                            Case No. 8:17-bk-5123-CPM
                                                  Chapter 11


_____Debtor(s)_____/

**PLAN OF LIQUIDATION**

The Debtor proposes that its Plan of Liquidation would divide its Creditors into nine (9) classes and interests. The Debtor is in the process of soliciting potential buyers for the Debtor and its affiliated companies as an ongoing business. Currently, the Debtor has found a non-related potential buyer who is willing to pay $10,000.00 cash at closing for the business equipment, name, telephone numbers and good will, and to assume $78,391.13 of secured indebtedness on Van and two of the Chrysler 300 vehicles being financed by the Debtor (the "Sale").

**CLASSIFICATION AND TREATMENT OF CLAIMS**

The Debtor proposes a plan which divides claims and interest into nine (9) classes. The Debtor proposes to fund its Plan of Reorganization from the revenue generated from the sale of the Debtors' vehicles and equipment. The revenue generated from the Sale of the Debtors's vehicles and business assets. The proposed classes and their treatment are as follows:

**Administrative claims and expenses:**   The Debtor shall pay all administrative claims and expenses upon confirmation of the Debtor's Plan of Reorganization, or as otherwise agreed between the parties involved.

**Class I:**   (Statutory treatment) Proven and allowed priority claim of the Internal Revenue Service in the approximate amount of $1,121.03. The Debtor shall pay this claim plus interest at the statutory rate set forth in 26 U.S.C. 6621. In the event that there are Sale proceeds remaining after the satisfaction of the Class III secured claim, this

creditor shall receive all net proceeds from of the proposed sale (and/or accounts receivables and bank accounts to the extent they are available), up to the point of the satisfaction of its claim within 30 days of the consummation of the Sale, and approval of the Sale by the Bankruptcy Court.

**Class II:** (Impaired) Proven and allowed claim of the Monroe Capital Management Advisors, LLC in the approximate amount of $121,745.32 secured by a 1st Lien on all furniture, fixtures and equipment (with the exception of the vehicles financed by Mercedes-Benz Financial Services and Ally Bank). This creditor shall receive all net Sale proceeds[1] from of the Sale as well the Debtors outstanding receivables and the funds in the Debtors' bank accounts, up to the point of the satisfaction of its claim within 30 days of the consummation of the Sale, and approval of the Sale by the Bankruptcy Court. Until paid, or the entry of an Order Approving Sale Free and Clear of Liens, Liens Transferring to Proceeds, this creditor shall retain its lien to the same validity, extent and priority that it enjoyed pre-petition.

**Class III:** (Impaired) Proven and allowed claim of the Strategic Funding Source, Inc., LLC in the approximate amount of $97,194.00 secured by a 2nd Lien on all furniture, fixtures and equipment (with the exception of the vehicles financed by Mercedes-Benz Financial Services and Ally Bank). In the event that there are Sale proceeds remaining after the satisfaction of the Class II secured claim, this creditor shall receive all net proceeds from of the proposed sale (and/or accounts receivables and bank accounts to the extent they are available), up to the point of the satisfaction of its claim within 30 days of the consummation of the Sale, and approval of the Sale by the Bankruptcy Court. Until paid, or the entry of an Order Approving Sale Free and Clear of Liens, Liens Transferring to Proceeds, this creditor shall retain its lien to the same validity, extent and priority that it enjoyed pre-petition.

**Class IV:** (Impaired) Proven and allowed claim of the Mercedes-Benz Financial Services in the approximate amount of $46,989.90 secured by a 1st Lien on the Debtor's Limousine Bus. It is anticipated that this indebtedness will be assumed by the buyer as part of the liquidation sale, and that the buyer will make the remaining payments on this vehicle, and to indemnify the Debtor, and the personal guarantors of this debt in the event of a post-sale default. In the event that the buyer does not want to purchase the limousine bus as part of the liquidation sale, the collateral will be returned to this creditor in full satisfaction of the indebtedness. Until paid, or the entry of an Order Approving Sale Free and Clear of Liens, Liens Transferring to Proceeds, this creditor shall retain its lien to the same validity, extent and priority that it enjoyed pre-petition.

---

[1] For the purposes of this Plan of Liquidation, net sale proceeds is defined as gross sale proceeds less Bankruptcy Court approved costs of sale and U.S. Trustee Fees for the quarter of the sale.

**Class V:** (Impaired) Proven and allowed claim of the Ally Bank in the approximate amount of $15,966.18 secured by a 1st Lien on the Debtor's Chrysler 300 with the last six on the VIN number being 202880. It is anticipated that this indebtedness will be assumed by the buyer as part of the liquidation sale, and that the buyer will make the remaining payments on this vehicle, and to indemnify the Debtor, and the personal guarantors of this debt in the event of a post-sale default. In the event that the buyer does not want to purchase the limousine bus as part of the liquidation sale, the collateral will be returned to this creditor in full satisfaction of the indebtedness. Until paid, or the entry of an Order Approving Sale Free and Clear of Liens, Liens Transferring to Proceeds, this creditor shall retain its lien to the same validity, extent and priority that it enjoyed pre-petition.

**Class VI:** (Impaired) Proven and allowed claim of the Ally Bank in the approximate amount of $15,435.23 secured by a 1st Lien on the Debtor's Chrysler 300 with the last six on the VIN number being 119629. It is anticipated that this indebtedness will be assumed by the buyer as part of the liquidation sale, and that the buyer will make the remaining payments on this vehicle, and to indemnify the Debtor, and the personal guarantors of this debt in the event of a post-sale default. In the event that the buyer does not want to purchase the limousine bus as part of the liquidation sale, the collateral will be returned to this creditor in full satisfaction of the indebtedness. Until paid, or the entry of an Order Approving Sale Free and Clear of Liens, Liens Transferring to Proceeds, this creditor shall retain its lien to the same validity, extent and priority that it enjoyed pre-petition.

**Class VII:** (Impaired) Proven and allowed non-insider general unsecured claims. The Debtor estimates that there are approximately $14,763.11 of non-insider unsecured claims. In the event that there are Sale proceeds remaining after the satisfaction of the Class I priority claim, these creditors shall receive all net proceeds from of the proposed sale (and/or accounts receivables and bank accounts to the extent they are available) on a pro-rata basis, up to the point of the satisfaction of its claim within 30 days of the consummation of the Sale, and approval of the Sale by the Bankruptcy Court.

**Class VIII:** (Impaired) Proven and allowed insider general unsecured claims. The Debtor estimates that there are approximately $159,549.41 of insider unsecured claims. In the event that there are Sale proceeds remaining after the satisfaction of the Class VII unsecured claims, these creditors shall receive all net proceeds from of the proposed sale (and/or accounts receivables and bank accounts to the extent they are available) on a pro-rata basis, up to the point of the satisfaction of its claim within 30 days of the consummation of the Sale, and approval of the Sale by the Bankruptcy Court.

**Class IX:** (Unimpaired) Interests of Equity Security Holders. Equity Security Holders currently consist of Mr. & Mrs. Anthony Marchetti. In the event that there are Sale proceeds remaining after the satisfaction of the Class VIII unsecured claims, the equity security

holders shall receive all net proceeds from of the proposed sale (and/or accounts receivables and bank accounts to the extent they are available) on a pro-rata basis within 30 days of the consummation of the Sale, and approval of the Sale by the Bankruptcy Court.

**STATEMENT REGARDING EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

The Debtor hereby rejects any executory contract or unexpired lease not specifically assumed during these proceedings or herein. This includes the month to month lease with Marina Holdings. Inc.

### C. ALTERNATIVES TO BANKRUPTCY

The Debtor proposes to fund its Plan of Liquidation from the continued operation of its business until such time as the Liquidation Sale is conducted, anticipated to be within 30 days of the Confirmation of the Debtors' proposed Plan of Liquidation. In the event that this case were to be converted to a Chapter 7 case, it is likely creditors would receive significantly less that they would under the Debtors' proposed Plan of Liquidation. The Debtors are selling the business as an ongoing concern so as to maximize value for the Bankruptcy Estate. In a Chapter 7 liquidation, the Debtor would be forced to cease operations, and it is unlikely that the holders of the Debtor's receivableswould be as likely to remit payment to a chapter 7 Trustee, nor is it as likely that a Chapter 7 Trustee would receive a greater sales price as the Debtor currently enjoys.

### XIII. CONCLUSION

The Plan of Liquidation proposed by the Debtor provides the best means by which most Creditors get paid at least some distribution on their allowed claims in a reasonable period of time. Therefore, it appears to be in the best interests of all Creditors, the Debtor, and the bankruptcy estate to confirm the Debtor's proposed Plan of Liquidation.

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Disclosure Statement has been sent this October 24, 2017, to all parties participating in CM/ECF Electronic Noticing and the Office of United States Trustee, Timberlake Annex, 501 East Polk Street, Suite 1200, Tampa, FL 33602.

/s/ Joel S. Treuhaft
Joel S. Treuhaft, Esq.
2997 Alternate 19, Suite B
Palm Harbor, Florida 34683
(727) 797-7799
Facsimile: (727) 213-6933
FBN: 516929