UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:

TRE AMICI LEASING, LLC,

    Debtor.

_____/

Chapter 11

Case No. 8:17-bk-05123-CPM

**OBJECTION TO CONFIRMATION AND**
**APPROVAL OF DISCLOSURE STATEMENT**

DONALD RINALDO, SR. ("**Rinaldo, Sr.**") and DONALD RINALDO, JR. ("**Rinaldo, Jr.**" and together with Rinaldo, Sr., the "**Rinaldos**"), file their *Objection to Plan of Liquidation (*the "**Objection**") (Doc. No. 51), pursuant to 11 U.S.C. §§ 1112(b) filed by the Debtor, TRE AMICI LEASING, LLC (the "**Debtor**" or "**Tre Amici**"). In support hereof, the Rinaldos state as follows:

**Background**

1.    On June 13, 2017 (the "**Petition Date**"), the Debtor and its affiliate, J A R R, Inc. ("**J A R R**" and together with the Debtor, the "**Debtors**"), filed voluntary petitions under Chapter 11 of the United States Bankruptcy Code.  J A R R's bankruptcy case number is 8:17-bk-5124-CPM.

2.    The bankruptcy case docket reflects that this Court granted the Debtors' motion for joint administration of the bankruptcy cases on June 27, 2017, but an order has not yet been entered.

3. The Disclosure Statement should not be approved as the Debtors have failed to disclose assets which were transferred by the Debtors:

a. Upon information and belief, at some time prior to filing the Chapter 11 case, the Debtor's principals caused the title to the real property located at 6207 Ridge Road, Port Richey, Florida (the "**Ridge Road Property**") to be transferred from J A R R to Marina Holdings, LLC, another entity owned and controlled by them.

b. The Debtors had numerous vehicles within a year of the bankruptcy case but list owning only three vehicles on the petition date. There is no discussion of the transfer of the other vehicles.

4. The Plan is based on a sale of assets. However, a sale motion has not been filed. The Disclosure Statement fails to identify any information regarding the Purchaser.

5. Further, the Plan violates numerous provisions of § 1129, including:

a. The Plan does not comply with applicable provisions of the Code and the Plan separately classifies unsecured claims;

b. The Plan is not proposed in good faith (§1129(a)(3);

c. The Plan is not feasible since a sale motion has not been filed (§1129(a)(11);

d. The Plan violates the absolute priority rule as the Rinaldos have voted against the Plan (§1129(a)(8));

e. The Plan does not satisfy the best interest of creditors not since possible avoidance actions will not be pursued (§1129(a)(7).

6. The Debtors informed Rinaldo, Jr. of significant claims against one of its principals, Kim Marchetti, for diversion of the companies' claims, but none are listed.

WHEREFORE, the Rinaldos respectfully request that the Court sustain the objection, deny confirmation of the Debtor's Plan, and provide for such other legal and equitable relief as may be just and proper.

/s/ *Scott A. Stichter*
Scott A. Stichter (FBN 0710679)
Stichter, Riedel, Blain & Poster, P.A.
110 East Madison Street, Suite 200
Tampa, Florida  33602
sstichter@srbp.com
(813) 229-0144 – Phone
(813) 229-1811 – Fax
Attorneys for Donald Rinaldo, Sr., and Donald Rinaldo, Jr.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing *Objection to Confirmation and Approval of Disclosure Statement has* been furnished by the Court's CM/ECF system on this 22nd day of November, 2017 to all parties receiving electronic notice.

/s/ *Scott A. Stichter*
Scott A. Stichter